■ In the Matter of KENNETH V. KOSAR, Petitioner, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES APPEALS BOARD et al., Respondents. [965 NYS2d 724]—

Determination of respondent New York State Department of Motor Vehicles (DMV) Appeals Board, dated March 29, 2011, affirming the determination of an administrative law judge, after a hearing, that petitioner failed to exercise due care to avoid hitting a pedestrian, in violation of New York City Traffic Rules

and Regulations (34 RCNY) § 4-04 (d), and that petitioner's drivers license should be suspended for a period of 45 days, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Carol E. Huff, J.], entered August 3, 2011), dismissed, without costs.

Respondent's determination is supported by substantial evidence, including a DMV report indicating the location and distance of the truck and the pedestrian following the accident (see Matter of Nelke v Department of Motor Vehs. of the State of N.Y., 79 AD3d 433, 434 [1st Dept 2010]). Based on the evidence, it is reasonable to infer that the truck, equipped with a snow plow, hit the 70-year-old pedestrian, crossing the street with the crossing signal, near the middle of the crosswalk and therefore that petitioner driver failed to exercise due care to avoid colliding with her (see 34 RCNY 4-04 [d]; see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 181 [1978]).

The penalty imposed does not shock one's sense of fairness, especially since the pedestrian died from her injuries (see Matter of Kreisler v New York City Tr. Auth., 2 NY3d 775, 776 [2004]).

We have considered petitioner's remaining contentions and find them unavailing. Concur—Sweeny, J.P., Saxe, Moskowitz, Gische and Clark, JJ.